

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Vincent D. Romano*  *970 Broad Street, 7th floor*  973-645-2700
*Assistant U.S. Attorney*  *Newark, New Jersey 07102*

February 11, 2025  **RECEIVED**

**VIA EMAIL**  JUL 16 2025

Bruce Levy, Esq.  AT 8:30_____M
Hartmann, Doherty, Rosa, Berman, & Bulbulia LLC  CLERK, U.S. DISTRICT COURT - DNJ
830 Morris Turnpike
Suite 304
Short Hills, New Jersey 07078     Criminal Number: 25-454-01 (MAS)

    Re:  <u>Plea Agreement with Thurman English, Jr.</u>

Dear Counsel:

    This letter sets forth the plea agreement between your client Thurman English, Jr. ("ENGLISH"), and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers. **This offer will expire on February 25, 2025, if it is not accepted in writing by that date.** If ENGLISH does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from ENGLISH to a two-count Information, which charges ENGLISH with: (1) on or about March 27, 2024, in Essex County, in the District of New Jersey and elsewhere, conspiring to distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846; and (2) on or about March 27, 2024, in Essex County, in the District of New Jersey and elsewhere, possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). If ENGLISH enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against ENGLISH for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances on or about March 27, 2024, in Essex County, in the District of New Jersey and elsewhere.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against ENGLISH even if the applicable statute of limitations period for those charges expires after ENGLISH signs this agreement, and ENGLISH agrees not to assert that any such charges are time-barred.

Sentencing

Counts One and Two of the proposed Information, charging violations of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), respectively, each carry a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross profits or other proceeds to ENGLISH, or (3) twice the gross loss to someone other than ENGLISH. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ENGLISH is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence ENGLISH ultimately will receive.

Further, in addition to imposing any other penalty on ENGLISH, the sentencing judge as part of the sentence:

(1) will order ENGLISH to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order ENGLISH to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 21 U.S.C. § 853;

(4) may deny ENGLISH certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must require ENGLISH to serve a term of supervised release of at least 3 years on Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should ENGLISH be placed on a term of supervised release and

subsequently violate any of the conditions of supervised release before the expiration of its term, ENGLISH may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of ENGLISH's acceptance of responsibility and pursuant to 21 U.S.C. § 853, ENGLISH agrees to forfeit to the United States any and all property constituting or derived from any proceeds ENGLISH obtained, directly or indirectly, as the result of the offenses charged in the Information, and all of ENGLISH's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the offenses charged in the Information.

ENGLISH further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by ENGLISH (the "Money Judgment"). ENGLISH consents to the entry of an order requiring ENGLISH to pay the Money Judgment and agrees that such Order will be final as to ENGLISH prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating ENGLISH's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. ENGLISH further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

ENGLISH waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), ENGLISH consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to ENGLISH prior to the sentencing.

ENGLISH understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise ENGLISH of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. ENGLISH further understands that ENGLISH has no right to demand that any forfeiture of ENGLISH's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon ENGLISH in addition to forfeiture.

ENGLISH further agrees that, not later than the date ENGLISH enters the guilty plea, ENGLISH will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If ENGLISH fails to do so, or if this Office determines that ENGLISH has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on ENGLISH by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ENGLISH's activities and relevant conduct with respect to this case.

Stipulations

This Office and ENGLISH will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and ENGLISH waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

ENGLISH understands that, if ENGLISH is not a citizen of the United States, ENGLISH's guilty plea to the charged offenses will likely result in ENGLISH being subject to immigration proceedings and removed from the United States by making ENGLISH deportable, excludable, or inadmissible, or ending ENGLISH's naturalization. ENGLISH understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ENGLISH wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause ENGLISH's removal from the United States. ENGLISH understands that ENGLISH is bound by this guilty plea regardless of any immigration consequences. Accordingly, ENGLISH waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. ENGLISH also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ENGLISH. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude ENGLISH from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between ENGLISH and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
ACTING United States Attorney

*Vincent D. Romano*

By: Vincent D. Romano
Assistant United States Attorney

APPROVED:

*Lita C Fu*

Samantha C. Fasanello
Chief, OCDETF/Narcotics Unit

     I have received this letter from my attorney, Bruce Levy, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 2/24/25
Thurman English, Jr.

     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 2/24/25
Bruce Levy, Esq.
Counsel for Defendant Thurman English, Jr.

<u>Plea Agreement with Thurman English, Jr.</u>

<u>Schedule A</u>

1.	This Office and Dion ENGLISH ("ENGLISH") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.	The version of the Guidelines effective November 1, 2023 applies in this case.

3.	Counts One and Two group pursuant to U.S.S.G. § 3D1.2(d). The applicable guideline is U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. § 2D1.1(c)(7), the Base Offense Level is 26 because the charged offenses, including relevant conduct, involved at least 2 kilograms but less than 3.5 kilograms of cocaine.

4.	Whether ENGLISH satisfies the criteria prescribed by 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

5.	Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), ENGLISH did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offenses.

6.	Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offenses did not result in death or serious bodily injury to any person.

7.	Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), ENGLISH was not an organizer, leader, manager, or supervisor of others in the offenses, as determined under the Sentencing Guidelines, and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

8.	Whether, within the meaning of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5), ENGLISH has truthfully provided to the Government, no later than the time of the sentencing hearing, all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, is yet to be determined.

9.	Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that ENGLISH satisfies all the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), a two-level downward adjustment would apply.

10.	If the Court finds that ENGLISH meets the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), the Court may impose a sentence without regard to any

statutory mandatory-minimum sentence that might otherwise be applicable to any controlled substance offenses charged in this case

11. As of the date of this letter, ENGLISH has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if ENGLISH's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, ENGLISH has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in ENGLISH's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ENGLISH enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that ENGLISH's acceptance of responsibility has continued through the date of sentencing and ENGLISH therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ENGLISH's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to ENGLISH is:

    a. **23**; or

    b. **21**, if the Court finds that ENGLISH meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and is therefore entitled to the two-level downward adjustment provided by U.S.S.G. § 2D1.1(b)(18);

    c. **19**, if the Court finds that ENGLISH meets the criteria set forth in U.S.S.G. § 4C1.1 and is therefore entitled to an additional two-level downward adjustment.

14. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issues noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

15. If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, ENGLISH will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing

judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).